In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00139-CV
______________________________


 
IN THE INTEREST OF J.M.S. AND J.A.S., CHILDREN
 


                                              

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 36217


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Rebecca Houck has filed an appeal from the termination of her parental rights to J.M.S. and
J.A.S. We have now reviewed the clerk's record. Section 263.405(b) of the Texas Family Code
requires an appellant to file, not later than the fifteenth day after a final order is signed, a statement
"of the point or points on which the party intends to appeal." Tex. Fam. Code Ann. § 263.405(b)
(Vernon Supp. 2005). The Legislature added a new subsection, effective for appeals filed after
September 1, 2005, which provides that the "appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of the points on which the party
intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon Supp. 2005). Here, the
judgment was entered October 18, 2005, and the notice of appeal was filed October 25, 2005.
            The clerk's record contains no statement of points to be raised on appeal. We have contacted
the district clerk's office, and no such statement, either standing alone or with a motion for new trial,
exists. The statute does not terminate our jurisdiction over the appeal. However, in a situation such
as this, where no statement of points exists, under the express terms of the statute, there is no
contention of error that can be raised that we may consider on appeal. 
            We affirm the judgment.
 


                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          December 19, 2005
Date Decided:             December 20, 2005




YLE="font-family: Times New Roman" STYLE="font-size: 10pt"> (a) In General. As a prerequisite to presenting a complaint for appellate
review, the record must show that


 (1) the complaint was made to the trial court by a timely request,
objection, or motion that:


 (A) stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make
the trial court aware of the complaint, unless the specific grounds
were apparent from the context; and


 (B) complied with the requirements of the Texas Rules of
Civil or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and


 (2) the trial court:


 (A) ruled on the request, objection, or motion, either expressly
or implicitly; or


 (B) refused to rule on the request, objection, or motion, and
the complaining party objected to the refusal.


Tex. R. App. P. 33.1(a).

 We note further that consideration of LeBlanc's arguments would not be possible on the
record before the court. All of his points of error are predicated on evidence extrinsic to the record
of the proceedings below and are therefore not fully cognizable on this direct appeal. For this reason,
we decline to comment on the merits of his arguments. Rather, we simply note that on the record
before the court, LeBlanc has failed to meet his burden of showing error in the proceedings below.

 LeBlanc's points of error are overruled. The judgment of the trial court is hereby affirmed.




 Ben Z. Grant

 Justice


Date Submitted: October 11, 2001

Date Decided: February 6, 2002


Do Not Publish
1. According to the testimony, Beaumont Police Department procedure in use at the time
involved giving a oral warning to the trespasser, providing a written copy to the property owner, and
retaining a copy in the police files.